# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KATHRYN A. FLYNN,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
SF-1221-14-0620-W-1

DATE: January 6, 2017

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kathryn A. Flynn, Claremont, California, pro se.

Michael L. Halperin, Esquire, Monterey, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    On October 29, 2007, the agency effected an "Excepted Appointment NTE [Not to Exceed] 29-OCT-2009" of the appellant to an Associate Professor position at the agency's Defense Language Institute and Foreign Language Center (DLIFLC). Initial Appeal File (IAF), Tab 7, Subtab D at 6-8. The agency extended the appointment several times for shorter NTE periods between October 2009 and October 2011, with a final extension issued on October 27, 2011, for a 2-year period ending on October 28, 2013. *Id.* at 1-5. On October 28, 2013, the agency effected the appellant's termination upon the expiration of her NTE appointment. IAF, Tab 7, Subtabs C, E.

¶3    On appeal to the Board, the appellant alleged that the agency decided not to extend her appointment based on reprisal for whistleblowing. IAF, Tab 1 at 5. In particular, the appellant asserted that she disclosed to her supervisors and the Inspector General (IG) a gross waste of funds relating to a Government contract. IAF, Tab 33 at 10-19. The agency, by contrast, asserted that it became clear over time that the appellant's conduct and performance was not up to the agency's standards, not meeting management's expectations, and impacting the agency's mission. IAF, Tab 7 at 2, 4. The agency noted that it had issued the appellant a September 2012 letter of warning for using abusive language and an

October 2012 letter of reprimand for repeatedly demonstrating unprofessional behavior by being insubordinate and discourteous and creating a disturbance in the workplace. *Id.* at 5. The agency also asserted that it had given the appellant a "Fair" rating on her October 1, 2011, through September 30, 2012 performance evaluation, including a "Needs Improvement" rating in the area of Interpersonal Relationships, and imposed a 2-day suspension in April 2013, for failure to follow instructions, defiance, and causing undue workplace disruption. *Id.* at 6.

¶4      After a hearing, the administrative judge denied the appellant's request for corrective action. IAF, Tab 94, Initial Decision (ID) at 2, 24. The administrative judge found that the appellant exhausted her remedy with the Office of Special Counsel and reasonably believed that she made protected disclosures to her supervisors and the agency's IG that a multi-year project costing over $1 million was being operated by a contractor in violation of an agency regulation and without sufficient oversight to ensure that security clearances and other contractual specifications were being satisfied. ID at 13-16. The administrative judge also found that the disclosures were a contributing factor in the decision not to extend her appointment. ID at 16-17.

¶5      Nevertheless, the administrative judge held that the agency proved by clear and convincing evidence that it would have taken the same personnel action absent the disclosures. ID at 17. The administrative judge noted that the agency had initiated disciplinary actions against the appellant, including a notice of warning, a letter of reprimand, and a 2-day suspension for behavioral issues, well before the date of her first protected disclosure. ID at 18. He found that these disciplinary actions were based on charges of unprofessional and/or inappropriate conduct, including the use of abusive language toward a colleague, inappropriately confrontational and disrespectful behavior that created a disturbance in the workplace, and initiating multiple emails that were defiant, unproductive, and burdensome to work operations. *Id.* The administrative judge also found it significant that the recommending and acting officials were pursuing

efforts to remove the appellant for behavioral issues nearly 1 month before she made her first protected disclosure, and that an assistant commandant credibly testified that the acting official raised his concerns with her about the appellant's behavior but not her whistleblowing activities. ID at 18-19. The administrative judge noted that the record was replete with emails sent by the appellant that could be characterized as becoming more strident, sarcastic, and confrontational over time, even though her supervisors had instructed her on several occasions to use a more respectful tone. ID at 19. Thus, the administrative judge held that the agency had a strong justification for its decision not to extend the appellant's NTE appointment. ID at 19-21. Moreover, the administrative judge found that the agency officials had, at most, a moderate motive to retaliate against the appellant because the project about which she made her disclosures was broadly known by the agency to not be successful or cost effective and already in the process of being "w[ound] down" and moved in-house by the time the appellant made her first disclosure. ID at 21-22. The administrative judge noted that there was no evidence that the agency tried to undermine the appellant's whistleblowing activities; in fact, the appellant's supervisor had encouraged her to report her concerns to the IG. ID at 22. Finally, the administrative judge found that there was no evidence suggesting that similarly situated nonwhistleblowers were treated more favorably. ID at 24.

¶6    The appellant asserts on review that the administrative judge incorrectly credited her with having only 6 years of Federal service instead of nearly 16 years of service, and that this increased length of service showed that the agency's allegations of insubordination and disrespect were "highly suspect." Petition for

Review (PFR) File, Tab 1 at 5.[2]  She also contends that several agency officials wrote notes of excellence regarding her work in 2011 and otherwise praised her work in 2012, describing her as a valued employee and highly recommending her for promotion.  *Id.* at 5-6.  The appellant asserts that the agency's actions toward her changed after she filed an equal employment opportunity (EEO) complaint based on alleged sexual harassment during an altercation at her cubicle with a coworker in September 2012.  *Id.* at 6-7.

¶7      The administrative judge did not find that the appellant had only 6 total years of Federal service, nor did he consider the appellant's length of service in finding that the agency proved by clear and convincing evidence that it would have taken the same action in the absence of her disclosures.  ID at 17-24.  Instead, the administrative judge simply noted that, as of the appellant's initial NTE appointment on October 29, 2007, her Standard Form 50 indicated that her service computation date was October 29, 2007.  ID at 2; *see* IAF, Tab 7 at 1721.  Thus, the appellant's argument regarding her length of service demonstrates no error in the initial decision.  Further, the administrative judge correctly held that, in determining whether the agency met its burden, the Board must consider all of the evidence presented, not just the evidence supporting the agency's position.  ID at 17; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).  Consistent with *Whitmore*, the administrative judge

---

[2] The appellant submitted an "updated" petition for review after submitting her original petition for review.  PFR File, Tab 2.  This document includes a summary and changes to some of the headings and paragraph endings of the original petition for review, as well as additional phrases and sentences.  *Id.* at 32.  *Compare, e.g.*, PFR File, Tab 1 at 5, *with* PFR File, Tab 2 at 5-6.  It does not, however, substantially differ in substance from the original petition for review.

The appellant also filed a supplement to her reply to the agency's response to her petition for review.  PFR File, Tab 7.  Pleadings allowed on review include a petition for review, a cross petition for review, a response to a petition for review, a response to a cross petition for review, and a reply to a response to a petition for review.  5 C.F.R. § 1201.114(a).  The appellant did not file a motion for leave to submit this pleading.  *See* 5 C.F.R. § 1201.114(a)(5).  Thus, we have not considered the supplemental reply.

correctly considered the fact that, for most of her time at the DLIFLC, the appellant had an exemplary work record and regularly received outstanding performance reviews. ID at 3. To the extent that the appellant asserts that the agency's failure to extend her appointment was based on reprisal for filing an EEO complaint, such a claim of a violation under 5 U.S.C. § 2302(b)(9)(A)(ii) does not provide a basis for Board review in an IRA appeal. 5 U.S.C. § 1221(a); *see Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).

¶8      The appellant also contends that the administrative judge misapplied the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), for determining whether the agency showed by clear and convincing evidence that it would have taken the same personnel action in the absence of her whistleblowing. PFR File, Tab 1 at 7. The appellant asserts that her communications were direct, consistent, and detailed and did not evidence disrespect, obstruction, and insubordination. *Id.* She also contends that the emails the agency cited as reasons for terminating her employment transmitted information on contract violations, a lack of deliverables already purchased, or security and contract violations, or requested specific information relating to contract line items required in the Work Performance Statement. *Id.* at 8. The appellant contends that her supervisors repeatedly asserted that they did not know what information was required, even though they were running the contracts. *Id.*

¶9      We agree, however, with the administrative judge's analysis of the *Carr* factors. *See* ID at 17-24. Although the appellant asserts that the emails in question were direct, consistent, and detailed, the administrative judge correctly found that they also could be characterized as "strident, sarcastic, and confrontational," and that the negative tenor of the appellant's emails increased over time despite instructions from her supervisors to use a more respectful tone. ID at 19-20; *see, e.g.*, IAF, Tab 35 at 15-16, 57, Tab 36 at 5-6, 12, 37-39, 59 at 567-69, 573-74, 581, 605-06, 659, 680-81. Many emails and behavior that may be characterized in a similar fashion predated the appellant's first protected

disclosure, which occurred in late May 2013. *See, e.g.*, IAF, Tab 7, Report of Investigation at 160-61, 166, 171-72, 178-79, 183-84, 210-11, 213-14, 218-19, Tab 33 at 33-34, 39-40, Tab 34 at 79-80; ID at 8-9. The appellant has not shown that any lack of knowledge on the part of her supervisors as to what information was required regarding the contract justified the tone set forth in her emails. Moreover, as both the U.S. Court of Appeals for the Federal Circuit and the Board have held, whistleblowing activity does not shield an employee from discipline for wrongful or disruptive conduct. *Marano v. Department of Justice*, 2 F.3d 1137, 1142 n.5 (Fed. Cir. 1993); *Russell v. Department of Justice*, 76 M.S.P.R. 317, 325 (1997); ID at 20.

¶10      In addition, the administrative judge found credible the testimony of the appellant's supervisor that he recommended the nonrenewal of her appointment because of the way in which she conducted herself, not because of her efforts to ensure compliance with the contract requirements; this credibility determination was based in part on the administrative judge's observations of the supervisor's demeanor. ID at 20, 22; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that, the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). The appellant has not established a basis for overturning this credibility determination. As further found by the administrative judge, the agency disciplined the appellant long before she made her first protected disclosure, and the appellant's supervisors were pursuing efforts to remove her approximately 1 month before she made her first protected disclosure. ID at 18-19; *see* IAF, Tab 37 at 5. Under these circumstances, we find that the appellant has shown no error in the administrative judge's finding that the agency presented strong evidence supporting its determination not to extend her appointment. ID at 20-21; *see Rumsey v. Department of Justice*, 120 M.S.P.R.

259, ¶¶ 44-48 (2013) (finding the agency's documented concerns regarding the appellant's performance well before she made her protected disclosures strengthened the agency's evidence in support of its action).

¶11    The appellant also contends that the agency's rationale for the nonrenewal of her contract was a pretext for whistleblower reprisal because her supervisor indicated during an EEO investigation that he did not renew her appointment because her project ended and the mission changed, yet there was no reduction in work requirements and this reason differed from the reasons given by the supervisor during his testimony before the Board. PFR File, Tab 1 at 21-22.

¶12    The appellant's supervisor indicated during an EEO investigation that he recommended to the acting official that the appellant's term appointment not be extended because the organization no longer needed her services under the "business rule," and that she was assigned to a project that she did not complete. IAF, Tab 7 at 24, Report of Investigation at 1187-88. The acting official, however, indicated that he did not renew the appointment based on the supervisor's recommendation, and that the supervisor suggested that the appointment should not be renewed "because of [the appellant's] failure to meet expectations as evidenced by her disciplinary record, refusal to perform work and poor interpersonal relations." *Id.* at 24, Report of Investigation at 1519, 1522. We find that the above descriptions regarding the reason the appellant's supervisor recommended that her appointment not be renewed are not necessarily inconsistent with each other, and are consistent with the administrative judge's finding that the supervisor testified at the hearing that his recommendation was based on the appellant's behavioral issues. ID at 20. Thus, we discern no reason to disturb the administrative judge's finding that the supervisor was credible.

¶13    The appellant further contends that the administrative judge improperly denied her the opportunity to conduct depositions and other discovery and to call certain witnesses, including her second- and third-level supervisors and IG employees. PFR File, Tab 1 at 22. She also asserts that the administrative judge

should have recused himself after her representative asserted that he had engaged in erratic, irrational, and biased conduct. *Id.* In addition, the appellant contends that the administrative judge refused to hold the hearing in a more neutral location, did not permit her to refer to notes or use a power point projector, asked her how much longer her testimony would continue, and permitted an agency witness to testify first. PFR File, Tab 1 at 23.

¶14 An administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion the Board will not find reversible error in such rulings. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 16 (2016). Here, the administrative judge denied the appellant's motion to compel depositions because she did not provide timely notice of the individuals she sought to depose along with the specific time and place of such depositions. IAF, Tab 50 at 2-3. The appellant has shown no abuse of discretion by the administrative judge in this regard. *See* 5 C.F.R. § 1201.73(a) (requiring requests for discovery to specify the time and place of the taking of depositions). Moreover, an administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony he believes would be irrelevant, immaterial, or unduly repetitious. *Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 21 (2015). The appellant has not shown the administrative judge abused his discretion in denying her request for certain witnesses or in otherwise controlling the hearing-related proceedings, particularly given that the appellant's request for witnesses was untimely filed. IAF, Tab 82 at 2-3; 5 C.F.R. § 1201.43(c). In fact, the administrative judge provided an alternative basis for denying the requested witnesses based on the appellant's proffers as to their testimony and approved several witnesses requested by the appellant, even though her request was untimely filed. IAF, Tab 82 at 3. Although the appellant contends that the administrative judge was biased against her, she has not shown that any comments or actions by the administrative judge evidenced a deep-seated

favoritism or antagonism that would make fair judgment impossible. *See Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002).

¶15  The appellant also asserts that the agency had more than a "moderate" reason for retaliation, as found by the administrative judge, because senior leaders and her supervisors were personally responsible for committing money to the contracts and misappropriation of funding, one such individual acknowledged a friendship with the contractor's personnel, her supervisor wrote a contract modification that "dismiss[ed]" most substantive requirements, the contract was under criminal investigation and the supervisors were interviewed by the investigators, and the agency created a hostile work environment by excluding her from meetings, telephone calls and teleconferences, isolating her, denying her training, ignoring her requests for an end to the hostile environment, refusing to transfer her to a different division, and requiring her to spend a specific number of hours on each of her projects. PFR File, Tab 1 at 23-25. The appellant contends that the hostile work environment caused her to communicate more directly and assertively and challenge what she believed were fraudulent and abusive management practices regarding the contract. *Id.* at 25. The appellant also notes that the agency had a motive to retaliate because the contract involved the National Security Agency (NSA), which was under public scrutiny in connection with the Edward Snowden release of classified information, and one agency manager specifically noted with respect to the appellant's communications that there was a need to avoid public scrutiny of the NSA. *Id.* at 26.

¶16  We agree with the administrative judge that agency officials had at most a moderate motive to retaliate against the appellant for her protected disclosures. ID at 21. The administrative judge noted that the agency had decided months before the appellant's first disclosure that the project upon which she based her disclosures was neither successful nor cost effective and would be closed out based on budgeting and effectiveness issues. ID at 21-22. Moreover, as the administrative judge found, the appellant's supervisor did not undermine her

whistleblowing activities, but instead informed her that it was her right to request a formal security and contract review by an independent party if she believed there was some impropriety regarding the project. ID at 22; IAF, Tab 35 at 34-35. The administrative judge also found that there was no apparent motive for agency officials to retaliate against the appellant, and that any criminal investigation relating to the contract was focused on a former DLIFLC official who had left the agency to work for the contractor, not on the project or contract itself or the recommending or acting officials in this case. ID at 23. The administrative judge concluded that, even assuming that there was some motive for the agency to retaliate against the appellant for her whistleblowing activities, the motive was at most moderate and the motive-to-retaliate factor weighed in favor of the agency. ID at 24. We find that the allegations set forth by the appellant on review, even if true, do not establish that the agency had more than a moderate motive to retaliate.

¶17    Finally, the administrative judge found that there was nothing in the record to suggest that similarly situated nonwhistleblowers were treated more favorably than the appellant. ID at 24. Even if the absence of such evidence could be found to "cut slightly against the Government," *see Miller v. Department of Justice*, No. 2015-3149, 2016 WL 7030359, at \*8 (Fed. Cir. Dec. 2, 2016), we are nevertheless left with the firm belief that the agency would have taken the same action in the absence of the appellant's protected disclosures based on the strength of the evidence in support of its action, including the evidence showing that the agency had taken steps to separate the appellant from employment before she made her first disclosure, and the absence of a sufficient motive to retaliate against her, *see Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 36 (2015) (holding that the Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence; rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole), *aff'd*, 652 F. App'x 971 (Fed. Cir.

2016); 5 C.F.R. § 1209.4(e) (defining "clear and convincing evidence" as that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established).

¶18    Accordingly, we deny the petition for review and affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.